IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Lawrence Investments, LLC, et al.,<br><br>    Putative-Appellants,<br><br>vs.<br><br>Air Line Pilots Association, International, et al.,<br><br>    Putative-Appellees. | CIVIL NO. 22-00045 JAO-RT<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER FOR PARTIAL SUMMARY JUDGMENT** |

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is the Ohana-Related Defendants'[1] Motion for Leave to

Appeal ("Motion") the Bankruptcy Court's Order Granting in Part and Denying in

---

[1] The Court uses the Bankruptcy Court's designations for the groups of Defendants.  The Ohana-Related Defendants are Ohana Airline Holdings, LLC; Lawrence Investments LLC; the Lawrence J. Ellison Revocable Trust; Carbonview, LLC (sometimes identified as Carbonview Limited, LLC in the proceedings); Paul Marinelli; and Lawrence J. Ellison.

1

Part Plaintiffs' Motion for Partial Summary Judgment ("MSJ Order") in *Kane v. PaCap Aviation Finance, LLC*, AP No. 19-90027 (Bankr. D. Haw.) ("AP"). *See* ECF No. 1-1; *see also* AP ECF No. 400;[2] AP ECF No. 394. Plaintiffs[3] oppose. ECF No. 4. For the following reasons, the Court DENIES the Motion.

## I.  Background And Grounds For Motion

Because the Court and the parties are familiar with the underlying facts and procedural history, the Court forgoes a detailed background section. The most salient facts are that Plaintiffs moved for partial summary judgment on certain issues, and the Bankruptcy Court granted the motion in part. The Ohana-Related Defendants now move for interlocutory appeal of the MSJ Order[4] on four issues:

1. Whether the Bankruptcy Court erred when it held that the exception set out in the Displaced Worker's Act ("DWA"), Hawaiʻi Revised Statutes ("HRS") § 394B-9(c) — to the effect that an employer that is "actively seeking a buyer for a sale, transfer, or merger" need not give sixty days' notice before shutting down — does not apply unless the employer successfully completes a "divestiture?"

---

[2]  The Court cites to filings in the adversary proceeding as "AP ECF No. __."

[3]  Plaintiffs are Elizabeth A. Kane, the Chapter 7 trustee in the underlying bankruptcy case commenced by Debtor Hawaii Island Air, Inc.; Air Line Pilots Association, International; and Hawaii Teamsters and Allied Workers, Local 996. Plaintiffs excluding the trustee are the "Unions."

[4]  The Ohana-Related Defendants also filed motions in *Kane v. PaCap Aviation Finance, LLC*, Civil No. 19-00574 JAO-RT, seeking de novo review of the MSJ Order and an earlier filed motion to dismiss order. Those motions are addressed in a separate order in that proceeding.

2. Whether the Bankruptcy Court erred when it concluded that both the "actively seeking capital" and "unforeseen circumstances"[5] affirmative defenses in the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, are unavailable if the notice ultimately provided purportedly did not include all the information set out in 20 C.F.R. § 639?

3. Whether the Bankruptcy Court erred when it interpreted the word "owns," as found in HRS § 394B-2, to mean anyone "who has a large enough ownership interest to be able to influence the employer's decision to give the notice the DWA requires," as well as anyone (regardless of ownership interest) with some degree of "control" or "influence" over the employer's affairs?

4. Whether the Bankruptcy Court erred when it granted partial summary judgment in favor of the Unions without considering whether the Unions have standing to assert claims on behalf of their members?

*See* ECF No. 1-1 at 13–14.

## II. Legal Standard

A district court may hear an appeal from a bankruptcy judge's interlocutory order if the district court grants leave to appeal. *See* 28 U.S.C. § 158(a)(3); *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787–88 (9th Cir. 2003) ("It is within the discretion of the district court . . . to hear interlocutory appeals." (citing 28 U.S.C. § 158(a))). "In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. Section 1292(b) [("Section

---

[5] Also referred to as the "unforeseeable circumstances" affirmative defense.

1292(b)")] governing review of interlocutory district court orders by the courts of appeal." *Ad Hoc Comm. of Holders of Trade Claims*, 614 B.R. at 351 (citing *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001)) (other citation omitted).

The Section 1292(b) certification requirements are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Even when all three requirements are satisfied, Section 1292(b) appeals are discretionary and intended only for "exceptional situations." *See id.*

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation[.]" *Id.* (citation omitted). "A controlling question of law must be one of law — not fact — and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Or., Inc. v. ILWU*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 633 F.2d at 1026) (other citations omitted); *see also Hawai'i v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (noting that a controlling question means a pure question of law rather than a mixed question of law and fact) (citations omitted).

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.* (some internal quotation marks and citation omitted). Whether a substantial ground for difference of opinion exists "does not turn on a prior court's having reached a conclusion adverse to that from which [the party] seek[s] relief. A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Id.* at 688 (quoting 28 U.S.C. § 1292(b)). As this district has explained:

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b) — to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); *see also In re Cement Antitrust Litig.*, 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an

5

>> interlocutory appeal would avoid protracted and expensive litigation").
>
> And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court.

*Leite v. Crane Co.*, Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *6–7 (D. Haw. May 31, 2012) (brackets and other citations omitted).

### III. Discussion

**A. An Interlocutory Appeal On WARN Act or DWA Issues Would Not Materially Advance The Ultimate Termination of Litigation**

All three Section 1292(b) requirements must be met in order to accept an interlocutory appeal. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026. Because it is clear that an interlocutory appeal would not materially advance the ultimate conclusion of this litigation, and despite Plaintiffs' extensive briefing on the first two elements, the Court assumes without deciding that the WARN Act and DWA issues (issues #1–3) satisfy the controlling question of law and substantial ground for difference of opinion elements.

The Ohana-Related Defendants' first two issues both relate to the Bankruptcy Court's interpretations of affirmative defenses. An interlocutory appeal to review those interpretations now would only delay matters. For example, the "Divestiture Exception," applies to the notification requirement of the DWA articulated in HRS § 394B-9(a), but only Counts II and V of the thirteen-count

6

complaint implicate the DWA's notification requirement. *See* AP ECF No. 1 at 82–107. Similarly, only Counts III and V relate to the WARN Act and the corresponding affirmative defenses, and Count V is not even asserted against the Ohana-Related Defendants. *See id.* at 87–94.

Additionally, allowing an interlocutory appeal on the limited affirmative defenses could prove unnecessary. In other words, an interlocutory appeal to clarify the legal standards for the affirmative defenses would not materially advance the ultimate termination of this litigation. First, the Ohana-Related Defendants could still win on the merits of the DWA or Warn Act claims without relying on the affirmative defenses, thereby eradicating any need for them to appeal the issue. Further, even if the Court accepted the interlocutory appeal and reversed the Bankruptcy Court's interpretations of the affirmative defenses, the Ohana-Related Defendants would still have to adduce evidence at trial that they were entitled to the defenses. Thus, under this Court's hypothetical new interpretations, a factfinder could still conclude that the Ohana-Related Defendants failed to satisfy the requirements of the defenses. Such an outcome would render the interlocutory appeal an unnecessary delay. Simply put, these questions appear to comprise a small portion of the overall case. Addressing them now would not substantially clear the path toward ultimate termination of the case.

Additionally, even if the Court granted the Motion and heard the interlocutory appeal, further appeals to the Ninth Circuit *on these issues* appear to be a foregone conclusion. For example, if the Court reversed the MSJ Order's interpretation of the affirmative defenses, and the Ohana-Related Defendants prevailed on those defenses, it seems certain Plaintiffs would appeal. ECF No. 4 at 18 ("[C]learly this issue will be appealed to the Ninth Circuit following a trial, no matter how this Court decides this appeal."). Conversely, if the Court affirmed the Bankruptcy Court, and Defendants lost on the merits of the DWA and WARN Act notification requirements, the Ohana-Related Defendants seem certain to appeal as evidenced by this Motion. Thus, allowing an interlocutory appeal on these limited topics would create the type of piecemeal litigation that Section 1292(b) reserves only for exceptional circumstances.

Similarly, the third proposed issue for appeal concerns Bankruptcy Court's definition of "owns" for the DWA's definition of "employer." The DWA defines "employer" as "any individual or entity that, directly or indirectly, owns, operates, or has a controlling interest in a covered establishment," but does not separately define "owns." HRS § 394B-2. But clarifying the definition of "owns" may not even materially advance whether any of the Ohana-Related Defendants are an "employer" under the statute for at least two reasons. First, the Bankruptcy Judge held that there was a factual question as to whether the Ohana-Related Defendants

"owned" Island Air pursuant to the Bankruptcy Court's definition. *See* AP ECF No. 394 at 12. Thus, even under the Bankruptcy Court's interpretation of "owns," the factfinder could still find for the Ohana-Related Defendants on the matter. Prevailing on that question at trial would negate any need for the Ohana-Related Defendants to clarify the definition of "owns" on appeal. Second, even if the Ohana-Related Defendants did not own the airline, they could still be an employer if a factfinder concluded they had, for example, a "controlling interest" in Island Air. *See id.* at 3 (noting that the MSJ Order did not decide "whether the Ohana-Related Defendants are 'employers' under the DWA on any grounds other than those asserted in the Unions' motion"); *id.* at 12 ("Further, a jury might conceivably find that Ohana acted in close enough concert with Mr. Au and the other Malama-Related Defendants to create a group such that they should all be collectively treated as the 'owner' of the Debtor.").

Further, the DWA is a Hawai'i law that, as to the relevant issues here, the Hawai'i Supreme Court has yet to interpret. Accepting an interlocutory appeal now might precipitate additional delays if the Court needed to certify certain issues for the Hawai'i Supreme Court to address before ruling on the MSJ Order. *See* ECF No. 4 at 28–30.

In sum, the DWA and WARN Act only make up a limited portion of Plaintiffs' claims. The Ohana-Related Defendants' proposed questions regarding

9

those statutes further narrow the grounds on which they seek appeal.  The Court's guidance on those limited issues now would delay matters rather than materially advance the end of this litigation.  Thus, the Court denies the Motion as to the first three of the Ohana-Related Defendants' issues for review.

**B.    The Ohana-Related Defendants Have Not Demonstrated Why The Standing Question Is Appropriate For Interlocutory Appeal**

As an initial matter, the Ohana-Related Defendants do not even attempt to demonstrate how the standing question meets the three prerequisites for an interlocutory appeal.  Instead, they argue that the Bankruptcy Court "shirked its duty" by failing to consider the Unions' standing to assert the DWA and Warn Act Claims and "compounded its error" by intimating that the issue was one of damages.  *See* ECF No. 1-1 at 37.  But the Ohana-Related Defendants have shirked their burden of demonstrating that the issue meets the Section 1292(b) requirements and compounded that error by attempting to incorporate pages from their briefing in the bankruptcy court.  *See id.* at 36 (referencing briefing from bankruptcy court proceeding).  Further, the Defendants' characterization of the MSJ Order's treatment of the standing question is inaccurate.  The Bankruptcy Court declined to address the topic because the Ohana-Related Defendants failed to move for relief on the matter, *see* AP ECF No. 394 at 3 n.3, instead only raising it in opposition.  *See* AP ECF No. 338.

Regardless, the instant standing question is inappropriate for interlocutory review. In general, the Ohana-Related Defendants argued to the Bankruptcy Court that the Unions could not assert claims on behalf of individual employees. *See* AP ECF No. 338 at 13–20. As to the DWA, the matter is not a purely legal question as evidenced by the fact that Plaintiffs rely on designation forms, which employees signed granting the Unions authority to assert the claims on their behalf. *See* AP ECF No. 368 at 12–14. Wading into such facts is not the purpose of an interlocutory appeal. *See ICTSI*, 22 F.4th at 1132.

Further, there is no substantial ground for a difference of opinion on the matter. As to the WARN Act, the Supreme Court has held that unions may sue for their members' damages. *See United Food & Com. Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 546, 558 (1996); *see also* 29 U.S.C. § 2104(a)(5) ("A person seeking to enforce such liability, including a representative of employees . . . may sue either for such person or for other persons similarly situated[.]"). Similarly, the DWA establishes a civil enforcement mechanism like that in the WARN Act. *See* HRS § 394B-13(a) ("An action by an employee to enforce the provisions of this chapter may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of oneself or themselves, or the employee or employees *may designate an agent or*

11

*representative to maintain the action*." (emphasis added)).  Thus, the Court denies the Motion as to the Ohana-Related Defendants' fourth proposed issue.

Alternatively, even if the Ohana-Related Defendants have satisfied the three interlocutory appeal requirements on any of their proposed issues, the Court declines to exercise its discretion to accept the interlocutory appeal.  The trial, which promises to be complex, is just months away.  Addressing this proposed interlocutory appeal now may prove fruitless and would delay this already long-running case.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES the Motion.  The Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 20, 2022.



Jill A. Otake
United States District Judge

---

CIV. NO. 19-00574 JAO-RT; *Lawrence Invs., LLC, et al., v. Air Line Pilots Ass'n, Int'l, et al.*, ORDER DENYING MOTION FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER FOR PARTIAL SUMMARY JUDGMENT